**UNITED STATES of America and Dayna K. Rich, Revenue Agent of the Internal Revenue Service, Petitioners,**

v.

**Karen W. BERRY, Respondent.**

No. 91–14–G.

United States District Court, W.D. Tennessee, W.D.

Sept. 30, 1992.

Bill C. Clifton and Michael J. Stengel, Memphis, TN, for Karen and John Berry.

Michael J. Martineau, Trial Attorney, Tax Div., U.S. Dept. of Justice, Washington, DC, for U.S.

## ORDER ON THE PETITION OF THE UNITED STATES TO ENFORCE THE INTERNAL REVENUE SERVICE SUMMONS AS TO KAREN W. BERRY

GIBBONS, District Judge.

Before the court is the petition of the United States to enforce an Internal Revenue Service summons on Karen Berry, pursuant to 26 U.S.C. §§ 7402(b) and 7604(a).

On January 15, 1990, the Internal Revenue Service began a civil investigation concerning the tax liability of Dr. Karen Berry and her husband, Dr. John Berry, for the 1988 tax year. The Berry's joint return was randomly selected for examination. Internal Revenue Agent Dayna Rich served an administrative summons on Karen Berry pursuant to 26 U.S.C. §§ 7402(b) and 7604(a) on March 7, 1992. This summons required Karen Berry to appear before Agent Rich to testify in the matter of John and Karen Berry and to produce all documents and records reflecting her income for the 1988 tax year. After Karen Berry refused to comply fully with the summons, this court held a show cause hearing on this matter on March 27, 1992, and heard testimony from both Agent Rich and Karen Berry. For the reasons stated below, Karen Berry is ordered to comply with the Internal Revenue Service summons with respect to her own income and expenses, but is entitled to invoke the confidential marital communications privilege with regard to the income and expenses of her husband.

■ The court finds initially that the IRS has made out a *prima facie* case that it is entitled to enforcement of the summons. This finding shifts the burden to Karen Berry to disprove the existence of a valid purpose or to show that enforcement of the summons would be an abuse of the Court's process or otherwise would be improper. *United States v. Powell*, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964).

Karen Berry appeared, with counsel, pursuant to the summons on March 19, 1990, and produced the documents and records relating to her 1988 income which were in her possession or control on the date the summons was served. She refused, however, to comply fully with the summons by testifying as to the matters requested. In particular, she stated through counsel that she would not testify as to matters concerning her husband's income and tax liability, relying on the confidential marital communications privilege.

At the show cause hearing, the government's position was that issue before the court was "whether she was to be required to testify pursuant to the summons." (Transcript of Show Cause Hearing, March 27, 1992, at 71). No testimony was elicited, either on direct or cross-examination, tending to show that Karen Berry withheld any summonsed documents. Accordingly, the court finds that Karen Berry has complied

with the summons with respect to the production of documents and records.

 With respect to the testimonial portion of the summons, the government argued in its Brief in Support of the Petition to Enforce Internal Revenue Service Summons that Karen Berry should not be allowed to invoke the marital communications privilege in this civil tax proceeding to avoid testifying as to her husband. At the show cause hearing, however, the counsel for the United States conceded that "we would probably not have a legal dispute" if Karen Berry were able to establish that she knew nothing of her husband's income from his dental practice except from communications with him in the course of their marital relationship.

Karen Berry's testimony was that her only knowledge about John Berry's 1988 income and expenses was acquired from his statements to her in the course of their marital relationship. The court found this testimony to be credible. Further, no proof was presented that she obtained any knowledge of his income from the observation of any objective facts or actions, or that otherwise contradicted her position. Therefore, Karen Berry may properly assert the confidential marital communications privilege as to any testimony the Internal Revenue Service has sought or may seek from her regarding John Berry's 1988 income or expenses.

This privilege, however, extends only to Karen Berry's knowledge of her husband's 1988 income and expenses gained from confidential marital communications. If the government can show that Karen Berry has acquired some knowledge of her husband's 1988 income or expenses from a source other than confidential marital communications, such testimony will not be privileged. If she has any knowledge independent of what he told her, she may not decline to testify as to that information.

As to her own tax liability, Karen Berry has not rebutted the government's *prima facie* case showing that it is entitled to enforcement of the summons. Karen Berry is therefore ordered to comply with the summons and provide testimony as to her 1988 income and expenses.

IT IS SO ORDERED.